COURT OF APPEALS
DECISION
DATED AND FILED

December 30, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.       **2022AP1422**

Cir. Ct. No.  **2022TR411**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

TISHA LEE LOVE,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Grant County: ROBERT P. VAN DE HEY, Judge. *Affirmed.*

¶1      FITZPATRICK, J.[1]  Tisha Lee Love received a traffic citation for driving eighty-seven miles per hour in a fifty-five-mile-per-hour zone, and she took the matter to a jury trial. The trial, from jury selection to dismissal of the jury

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(b) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

after the verdict, took all of one hour and two minutes (with eight minutes of deliberation by the jury). Love raises two issues on appeal, neither of which motor toward a reversal. Accordingly, I affirm.

¶2 The first issue concerns Love's complaint that the Grant County Circuit Court did not read a particular instruction to the jury. A circuit court's ruling on a jury instruction will not be reversed unless the circuit court erroneously exercised its discretion. *State v. Hubbard*, 2008 WI 92, ¶23, 313 Wis. 2d 1, 752 N.W.2d 839.

¶3 Love did not appear at the jury trial and, instead, appeared solely through counsel. Love argues that the circuit court erred because, during the instructions read immediately before deliberations, the court did not tell the jury that Love was not required to attend the trial in person. More specifically, Love contends that the circuit judge "trample[d] on Ms. Love's clearly established constitutional and statutory rights" in not reading the requested instruction. Judge VanDeHey did not trample on any of Love's rights by refusing to read that instruction to the jury. Love's argument fails for several reasons, including the following.

¶4 Most importantly, the circuit court told all potential jurors during the jury selection process that Love was not required to attend the trial in person: "[Love] is the defendant in this matter, and her appearance is optional." Because the entire trial from beginning to end took only about an hour, the jurors heard the circuit court state those words about Love's optional attendance roughly forty-five minutes before the jury started its deliberations. There is no reason to think that this admonition from the circuit court was anything other than fresh in the jurors' minds when the jury instructions were read. The circuit court was correct in

determining that it was not necessary to state yet again that Love's personal appearance was optional.

¶5      Further, Love does not explain how giving another instruction to the jury on Love's optional attendance would have made any difference to the result. There is no assertion by Love that the requested jury instruction would have aided in any meaningful way any defense Love advanced at trial or that it would have made the State's case weaker.

¶6      In sum, Love's argument regarding the requested jury instruction fails.  The circuit court properly denied Love's request to repeat to the jurors the same information about Love's optional personal attendance that they heard a few minutes earlier.

¶7      We have now reached the second issue advanced by Love on appeal. Love does not challenge on appeal the finding that she was driving her vehicle eighty-seven miles per hour on a highway that has a posted speed limit of fifty-five miles per hour.  The circuit court assessed a $295 forfeiture and also ordered a statutorily mandated fifteen-day driver's license suspension.  Love disputes only the license suspension and contends that there is no statutory basis for the fifteen-day license suspension because she was charged pursuant to a statute that does not apply to her actions.

¶8      This issue requires statutory interpretation.  As applicable in these circumstances, our supreme court has stated:

> Statutory interpretation centers on the "ascertainment of meaning," not the recitation of words in isolation.  *See* ***Kalal*** [***v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶47], 271 Wis. 2d 633, [] 681 N.W.2d 110…. "[A statute must be interpreted] in the context in which it is used; not in isolation but as part of a whole; in relation to the language

> of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46 (citations omitted). "Perhaps no interpretive fault is more common than the failure to follow the whole-text canon, which calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts."

*Brey v. State Farm Auto. Ins. Co.*, 2022 WI 7, ¶13, 400 Wis. 2d 417, 970 N.W.2d 1 (final citation omitted). Accordingly, I will analyze related statutes that must be considered together and in context.

¶9      Love was charged with, and found guilty of, violating WIS. STAT. § 346.57(4)(h), which states:

> (4) FIXED LIMITS…. [N]o person shall drive a vehicle at a speed in excess of the following limits unless different limits are indicated by official traffic signs:
>
> ….
>
> (h) In the absence of any other fixed limits or the posting of limits as required or authorized by law, 55 miles per hour.[2]

Sec. 346.57(4)(h). Pursuant to WIS. STAT. § 343.30(1n), a court shall suspend the operating privilege, for a period of fifteen days, of any person who drives twenty-five miles per hour or more over the fifty-five-mile-per-hour speed limit set by § 346.57(4)(h).[3] The State contends, and the circuit court agreed, that § 346.57(4)

---

[2] The introductions to WIS. STAT. § 346.57(4) and (5) (more about § 346.57(5) shortly) have the following language: "In addition to complying with the speed restrictions imposed by subs. (2) and (3) …." Section 346.57(2) and (3) concern reasonable and prudent speeds and operating a vehicle properly when conditions require reduced speed. Neither party relies on this language in their analysis, and I have left out that language from my statutory analysis to simplify the reading of those statutory subparts.

[3] WISCONSIN STAT. § 343.30(1n) reads in pertinent part: "A court shall suspend the operating privilege of a person for a period of 15 days upon the person's conviction by the court of exceeding the applicable speed limit as established by [WIS. STAT. §] 346.57(4) … (h), by 25 or more miles per hour." Sec. 343.30(1n).

was the proper charge for Love's actions and the mandatory fifteen-day license suspension must be applied here because Love was driving eighty-seven miles per hour in a fifty-five-mile-per-hour zone.

¶10 For her part, Love argues that the only proper charge against her in these circumstances is pursuant to WIS. STAT. § 346.57(5) which reads: "[N]o person shall drive a vehicle in excess of any speed limit established pursuant to law by state or local authorities and indicated by official signs." Sec. 346.57(5). Love contends that only § 346.57(5) can be the charge for her actions because the highway she was driving eighty-seven miles per hour on has signs with a posted fifty-five-mile-per-hour speed limit. Love further asserts that, if there had been no signs with a posted fifty-five-mile-per-hour speed limit on the highway she was on, then the only proper charge for her speeding more than fifty-five miles per hour would be pursuant to § 346.57(4)(h).[4]

¶11 From those premises, Love asserts the following: as applicable to her, WIS. STAT. § 343.30(1n) refers solely to violations by twenty-five miles per hour or more of the fifty-five-mile-per-hour speed limit set by WIS. STAT. § 346.57(4)(h) as a basis for the mandatory license suspension; driving twenty-five miles per hour or more over the posted speed limit, if charged under § 346.57(5), cannot lead to a fifteen-day suspension of her license under § 343.30(1n); and, therefore, the circuit court erred in ordering a suspension of her license for 15 days. Love's argument fails for several reasons.

---

[4] Love does not dispute that, like many highway stretches in this State, the pertinent stretch of highway she was on had a fifty-five-mile-per-hour speed limit whether or not that speed limit was posted with a sign.

5

¶12     First, Love's argument, if accepted, necessarily leads to the following conclusions:  If a driver is caught speeding at eighty-seven miles per hour on a highway with a fifty-five-mile-per-hour speed limit, and that speed limit is not posted with a sign, then as part of the penalty for that violation the legislature intended that the driver must have his or her license suspended for fifteen days.  However, if a driver is caught speeding at eighty-seven miles per hour on a highway that has the fifty-five-mile-per-hour speed limit posted with a sign as big as life for all the world to see, then the legislature did not intend for there to be a mandatory fifteen-day license suspension as a penalty for that violation.  Courts are to avoid interpreting statutes so as to cause absurd or unreasonable results.  *Brey*, 400 Wis. 2d 417, ¶13.  As can be seen, an absurd and unreasonable result is a necessary part of Love's argument and is an early hint that her contention fails.

¶13     Second, I now consider the applicable statutes and repeat WIS. STAT. § 346.57(4)(h):

> (4)  FIXED LIMITS….   [N]o person shall drive a vehicle at a speed in excess of the following limits unless different limits are indicated by official traffic signs:
>
> ….
>
> (h)  In the absence of any other fixed limits or the posting of limits as required or authorized by law, 55 miles per hour.[5]

Sec. 346.57(4)(h).  As will be seen, the proper statutory analysis establishes that: (1) much of the language just quoted concerns exceptions to the fifty-five-mile-

---

[5] Pursuant to WIS. STAT. § 990.001(6), titles are not part of a statute.  However, a statutory title is a permissible indicator of meaning that may be helpful in the interpretation of a statute.  *State v. Dorsey*, 2018 WI 10, ¶30, 379 Wis. 2d 386, 906 N.W.2d 158.

per-hour speed limit set forth in § 346.57(4)(h); (2) those exceptions do not apply in these circumstances; (3) the statutory language remaining after the inapplicable exceptions are no longer considered makes manifest that § 346.57(4)(h) requires that a vehicle shall not be driven more than fifty-five miles per hour on a highway; (4) a violation of that speed limit may be charged pursuant to § 346.57(4)(h); and (5) the mandatory fifteen-day suspension in WIS. STAT. § 343.30(1n) was properly applied as a penalty based on Love driving eighty-seven miles per hour.

¶14    Necessary points in discerning the meaning of WIS. STAT. § 346.57(4)(h) in this factual context are WIS. STAT. § 349.11(2)(a) and (3)(a), and those state:

> (2) The department may not do any of the following:
>
> (a) Declare a speed limit which is in excess of the limits stated in s. 346.57(4)(h), except as provided in s. 346.57(4)(gm).
>
> ….
>
> (3)  Local authorities may not:
>
> (a) Declare a speed limit which is in excess of the limits stated in s. 346.57(4)(h) ….[6]

Sec. 349.11(2)(a), (3)(a).  The speed limit stated in § 346.57(4)(h) is fifty-five miles per hour.  So, those statutory subparts just quoted show that the highway Love was driving on could have had only a speed limit of fifty-five miles per hour

---

[6] "Department" in that statute means the Department of Transportation.  WIS. STAT. §§ 340.01(12), 349.01(1).  In addition, WIS. STAT. § 346.57(4)(gm) refers to speed limits in excess of fifty-five miles per hour for an "expressway" or a "freeway."  Neither party contends that the road on which Love was driving was either an expressway or a freeway, and that language is not considered in the analysis.

or less. I next discuss provisions of § 346.57(4) and (6) that set speed limits of less than fifty-five miles per hour because those provisions delineate exceptions to the fifty-five-mile-per-hour speed limit set forth in § 346.57(4)(h).

¶15 WISCONSIN STAT. § 346.57(4)(h) has two explicit exceptions to the fifty-five-mile-per-hour "fixed limit" set forth in that statutory subpart (recall that § 346.57(4) has as its title "FIXED LIMITS"). One of the exceptions is that there may be an "other" fixed limit; that is, "other" than fifty-five miles per hour ("In the absence of any other fixed limits …."). Sec. 346.57(4)(h). The other fixed limits are set forth in § 346.57(4)(a)-(k). Several of the other fixed limits in § 346.57(4) set a maximum speed at fifteen miles per hour such as near schools, in an alley, or contiguous to a public park. Sec. 346.57(4)(a), (b), (d), and (i). Each of the other fixed limits is less than fifty-five miles per hour (except the expressway and freeway limits). *See* § 346.57. Neither party contends that any fixed limit is applicable in this factual situation other than the fifty-five-mile-per-hour limit set forth in § 346.57(4)(h). Accordingly, the phrase, "[i]n the absence of other fixed limits," in § 346.57(4)(h) is irrelevant to, and is not further considered in, the statutory analysis applicable to Love's citation.

¶16 The other exception to the fifty-five-mile-per-hour fixed limit in WIS. STAT. § 346.57(4)(h) is if there is near the highway "the posting of [speed] limits as required or authorized by law." Reasonably construed, that language refers to a related and closely associated statutory subpart, § 346.57(6)(a), which states:

> (6) CERTAIN STATUTORY LIMITS TO BE POSTED.
>
> (a) On state trunk highways and connecting highways and on county trunk highways or highways marked and signed as county trunks, the speed limits specified in sub. (4)(e) and (f) *are not effective unless*

> *official signs giving notice thereof have been erected* by the authority in charge of maintenance of the highway in question. The speed limit specified in sub. (4)(g) and (k) *is not effective on any highway unless official signs giving notice thereof have been erected* by the authority in charge of maintenance of the highway in question. The signs shall be erected at such points as the authority in charge of maintenance deems necessary to give adequate warning to users of the highway in question, but an alleged failure to post a highway as required by this paragraph is not a defense to a prosecution for violation of the speed limits specified in sub. (4)(e), (f), (g) or (k), or in an ordinance enacted in conformity therewith, *if official signs giving notice of the speed limit have been erected* at those points on the highway in question where a person traversing such highway would enter it from an area where a different speed limit is in effect.

Sec. 346.57(6)(a) (emphasis added). This statutory subpart requires that signs be erected along highways to put into effect the less-than-fifty-five-mile-per-hour speed limits denominated in the portions of § 346.57(4) referred to in § 346.57(6). Neither party contends that any of the above-quoted sentences in § 346.57(6) apply to the fifty-five-mile-per-hour speed limit for the highway on which Love was traveling. Accordingly, the phrase "the posting of limits as required or authorized by law" in § 346.57(4)(h) is irrelevant to, and is not further considered in, the statutory analysis applicable to Love's citation.[7]

¶17    To recap, the two explicit exceptions in WIS. STAT. § 346.57(4)(h) ("In the absence of any other fixed limits" and "the posting of limits as required or authorized by law") are not considered in interpreting the portions of § 346.57(4)(h) applicable in these circumstances. It then follows that, as it applies

---

[7] There is a phrase in the introduction to WIS. STAT. § 346.57(4) which states, "unless different limits are indicated by official traffic signs." Sec. 346.57(4). That phrase makes no difference here because a sign along the stretch of highway Love was on set a fifty-five-mile-per-hour speed limit in a fifty-five-mile-per-hour zone. As a result, that phrase is also irrelevant to the statutory analysis in this situation and will not be considered further.

to Love and the highway she was driving on when she was speeding, § 346.57(4)(h) must be interpreted to read: "[N]o person shall drive a vehicle at a speed in excess of the following limit … 55 miles per hour." Sec. 346.57(4)(h). Therefore, because the speed limit was fifty-five miles per hour on this particular highway pursuant to § 346.57(4)(h), Love violated that statutory subpart by driving eighty-seven miles per hour on that highway, and the State properly charged her with a violation of § 346.57(4)(h).[8]

¶18    In sum, the State properly charged Love pursuant to WIS. STAT. § 346.57(4)(h). Based on her conviction, the circuit court appropriately suspended Love's operating privileges for fifteen days pursuant to the mandatory provisions of WIS. STAT. § 343.30(1n).

¶19    For the foregoing reasons, the judgment of the circuit court is affirmed.

*By the Court.*—Judgment affirmed.

---

[8] There may be two other reasons to affirm the circuit court, but those reasons are not discussed by the parties. I need not take up those reasons in light of the conclusions in the opinion. First, it may be that the State could have, in the prosecutor's discretion, properly charged Love pursuant to WIS. STAT. § 346.57(4)(h) or (5). The presence of the fifty-five-mile-per-hour speed limit sign along the highway may not preclude a charge against, and conviction of, Love pursuant to § 346.57(4)(h) in these circumstances. The presence of that sign also may not require a charge pursuant to only § 346.57(5).

Second, WIS. STAT. § 343.30(1n) may not require that a defendant be charged only pursuant to WIS. STAT. § 346.57(4)(h) for the mandatory fifteen-day suspension to apply. Rather, the reference to § 346.57(4)(h) in § 343.30(1n) may concern only the speed limit that must be exceeded by twenty-five miles per hour for the mandatory fifteen-day suspension to apply. If so, the mandatory license suspension applies if a driver is convicted of driving eighty miles per hour or more in a fifty-five-mile-per-hour zone regardless of the statutory basis for the conviction. In other words, the mandatory fifteen-day suspension may apply if a defendant is charged, and convicted, pursuant to § 346.57(5) and was exceeding the speed limit by at least twenty-five miles per hour.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.